IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTTS BLUFF COUNTRY CLUB,<br><br>    Defendant/Third-<br>    Party Plaintiff,<br><br>and<br><br>MICHAEL KLEIN,<br><br>    Defendant,<br><br>vs.<br><br>SCOTTS BLUFF COUNTY SCHOOL DISTRICT NO. 79-0032 (commonly known as Scottsbluff Public Schools),<br><br>    Third-Party<br>    Defendant. | 4:20-CV-3013<br><br>MEMORANDUM AND ORDER |

    The plaintiff alleged claims against defendant Michael Klein for assault, sexual battery, and intentional infliction of emotional distress, and a claim against defendant Scotts Bluff Country Club for negligence, all stemming from Klein's sexual predatory conduct occurring at the Country Club while employed by the third-party defendant Scotts Bluff County School District as its high school golf coach. Filing 1. Before suit was filed, the plaintiff settled her claims against the School District, and the School District was given a

release of liability.₁ Filing 22-1 at 6. In its answer to the plaintiff's complaint, the Country Club alleged a third-party complaint with respect to the School District. Filing 15 at 9-11. The Country Club claimed, in the alternative, a right to indemnification, subrogation, or contribution from the School District should the Country Club be found liable to the plaintiff. The School District moves for dismissal of the third-party complaint for its failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff seeks the same result, but does so by way of a motion to strike the third-party complaint pursuant to Fed. R. Civ. P. 14(a)(4). For the reasons that follow, the Court will grant the School District's motion, dismiss the Country Club's third-party complaint, and deny the plaintiff's motion to strike as moot.

## I. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). For the purposes of a motion to dismiss a court must take all the factual allegations in the complaint as true, but is not bound

---

₁ The complaint, the Country Club's answer, and the Country Club's third-party complaint do not report or allege the existence of this settlement. However, the parties all agree that the plaintiff has settled her claims with the School District. *See* filing 24 at 1, filing 26 at 3, filing 30 at 12. Further, with its motion to dismiss, the School District filed a copy of the minutes from the Scottsbluff Board of Education's meeting on February 10, 2020, reporting that the plaintiff's claim was settled without an admission of wrongdoing or liability by the School District, and a release of liability was obtained in exchange for a lump sum payment. Filing 22-1 at 6. The plaintiff and Country Club have not objected to, or disputed the authenticity of the School District's filing.

to accept as true a legal conclusion couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly*, 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. Id. at 556.

## II. BACKGROUND

Klein was the head coach of the Scottsbluff High School girl's golf team from 2003 through 2016. Filing 1 at 2. He was also employed by the Country Club as an assistant golf pro until September 10, 2008, when his employment was terminated. Filing 15 at 1, 6. The School District contracted with the Country Club for the use of its facilities, which allowed the Scottsbluff High School girl's golf team to both practice and host golf tournaments on the Country Club's golf course.

The plaintiff was a member of the Scottsbluff High School girl's golf team from 2014 to 2018. The plaintiff alleged that from 2014 to 2016—starting when she was a fifteen-year old freshman—Klein repeatedly sexually harassed and sexually assaulted her. The plaintiff also alleged that Klein was emotionally abusive and controlling, and constantly harassed her by calling and texting. Filing 1 at 4.

According to the allegations in the complaint, between 2007 and 2011, Klein sexually and emotionally abused a different member of the Scottsbluff High School girl's golf team, and the Country Club's general manager either knew, or should have known, about Klein's sexual predatory conduct. Filing 1 at 3-6. The plaintiff represents that Klein was fired from his position at the

3

Country Club, at least in part, because of his misconduct with this other girl. Filing 1 at 6. The Country Club denied that Klein was fired for inappropriate conduct. Instead, the Country Club alleged that he was fired for not completing his job duties, which included a variety of issues. Filing 15 at 5; filing 1 at 6.

In 2017, Klein was charged with ten counts of first-degree sexual assault, five counts of second-degree sexual assault, and five counts of third-degree sexual assault regarding his sexual predatory conduct with both girls. Filing 1 at 8. He pled no contest to four counts of first-degree sexual assault and is currently incarcerated. Filing 1 at 9.

### III. DISCUSSION

The Country Club's third-party complaint alleges that the School District is liable for the injuries caused to the plaintiff by the conduct of its employee Klein, and that the Country Club relied on the School District to ensure that Klein was acting appropriately and not putting anyone at risk, to warn of problems with Klein, to take appropriate actions to ensure the safety of those around Klein, and to ensure that the School District's coaches did not present a danger to student-athletes while using the Country Club's facilities. Filing 15 at 11-12. If the Country Club is found to be liable for the plaintiff's injuries, the Country Club asserts that it has a right for reimbursement from the School District on alternate theories of indemnification, subrogation, or contribution.

Indemnification arises when one party is compelled to pay a claim that another ought to pay or has agreed to pay, and the right to indemnification accrues after the underlying loss is paid by the party claiming the right to be indemnified. *Jacobs Eng'g Grp. Inc. v. ConAgra Foods, Inc.*, 917 N.W.2d 435, 453-54 (Neb. 2018). In general, subrogation is a right to indemnification in favor of one who has paid an obligation which another should have paid. *Blue*

4

*Cross and Blue Shield of Nebraska, Inc. v. Dailey*, 687 N.W.2d 689, 696 (Neb. 2004). An action for contribution addresses the discharge of a common liability caused by joint tortfeasors where one tortfeasor has paid more than its proportionate share of the liability. *Estate of Powell ex rel. Powell v. Montague*, 765 N.W.2d 496, 504 (Neb. 2009). The right to contribution does not accrue until a party has made payments that exceed its proportionate share of an entire debt. *Cepel v. Smallcomb*, 628 N.W.2d 654, 660 (Neb. 2001).

The premise underlying each of the Country Club's theories is that one party has paid, or has become legally obligated to pay the obligation of another, either in whole or in part. The Country Club's third-party complaint fails to make this claim. The Country Club does not allege that it paid, or has become legally obligated to pay an obligation, in whole or in part, that ought to be paid by the School District. As such, the Country Club has failed to state a claim upon which relief may be granted with respect to the School District.

Further, to the extent the Country Club attempts to allege a future injury, its pleading fails to establish Article III standing. For Article III standing, a future injury claim must allege facts demonstrating that the threatened injury is certainly impending or that there is a substantial risk that the injury will occur. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). Far from what is necessary for Article III standing, here, the Country Club alleges that it was solely the School District's duty to control its employee, or warn others about his past predatory conduct, and that the Country Club did not know, and could not have known, that the School District's employee was a danger to those on the Country Club's property.

Finally, the parties each cited to Nebraska's comparative negligence scheme, Neb. Rev. Stat. § 25-21,185.07 *et seq.*, in support of their various arguments. However, this statutory scheme for apportioning liability among

5

joint tortfeasors pertains to civil actions to which contributory negligence is a defense. The pleadings in this case do not demonstrate that the plaintiff's cause of action is one to which contributory negligence is a defense.

IT IS ORDERED:

1. The School District's motion to dismiss the Country Club's third-party complaint (filing 23) is granted.

2. The Country Club's third-party complaint (filing 15 at 9-11) is dismissed.

3. The plaintiff's motion to strike the Country Club's third-party complaint (filing 25) is denied as moot.

4. This matter is referred to the Magistrate Judge for case progression.

Dated this 29th day of June 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

6